**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0178-20

KEVIN MALANGA,

     Plaintiff-Appellant,

v.

TOWNSHIP OF WEST ORANGE,
TOWNSHIP OF WEST ORANGE
PLANNING BOARD and
TOWNSHIP OF WEST ORANGE
TOWNSHIP COUNCIL,

     Defendants-Respondents.

Argued May 26, 2020 – Decided July 6, 2021

Before Judges Rose and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-3340-19.

James M. Turteltaub argued the cause for appellant (The Turteltaub Law Firm, LLC, attorneys; James M. Turteltaub, of counsel and on the briefs).

Vito A. Gagliardi, Jr., and Richard D. Trenk argued the cause for respondents Township of West Orange and the Township of West Orange Township Council

(Porzio Bromberg & Newman, PC, and Trenk Isabel, PC, attorneys; Vito A. Gagliardi, Jr, and Richard D. Trenk, of counsel and on the joint brief).

Kenneth D. McPherson, III, argued the cause for respondent Township of West Orange Planning Board (Porzio Bromberg & Newman, PC, attorneys; Kenneth D. McPherson, III, of counsel and on the joint brief).

PER CURIAM

Resident taxpayer Kevin Malanga (plaintiff) appeals from an August 4, 2020 Law Division order, summarily dismissing his complaint in lieu of prerogative writs against defendants Township of West Orange, its Council and Planning Board (collectively defendants). We affirm.

The genesis of this appeal is a March 19, 2019 Township resolution that designated the West Orange Public Library as an area in need of redevelopment under the Local Redevelopment and Housing Law (LRHL), N.J.S.A. 40A:12A-1 to -73. The Township adopted the redevelopment study of its professional planner, Heyer, Gruel & Associates (HGA), which extensively detailed the "obsolescence" and "faulty arrangement or design" of the library and its "detriment[] to the . . . welfare of the community" under N.J.S.A. 40:12A-5(d) (criterion (d)).

Under N.J.S.A. 40:12A-5, "a delineated area may be determined to be in need of redevelopment if, after investigation, notice and hearing . . . the

governing body of the municipality by resolution concludes that within the delineated area any of the [seven] conditions" set forth in criteria (a) through (g) is found. Those conditions include:

> Areas with buildings or improvements which, by reason of dilapidation, <u>obsolescence</u>, overcrowding, <u>faulty arrangement or design</u>, lack of ventilation, light and sanitary facilities, excessive land coverage, deleterious land use or obsolete layout, or any combination of these or other factors, are detrimental to the safety, health, morals, or welfare of the community.
>
> [N.J.S.A. 40:12A-5(d) (emphasis added).]

HGA principal, Susan Gruel, testified at the Board's March 6, 2019 hearing. Plaintiff extensively cross-examined Gruel, but neither he nor any other interested party presented the testimony of an opposing expert.

Pertinent to this appeal, plaintiff's complaint alleged the Township's designation was not supported by substantial evidence because the Township failed to demonstrate that the library met the statutory definition of "dilapidation, obsolescence, overcrowding" or "faulty arrangement or design" and that those conditions were "detrimental to the safety, health, morals, or welfare of the community" under criterion (d). Plaintiff also challenged Gruel's conclusions as "net opinion." And plaintiff asserted the Township abused its power under the LRHL by conveying to a portion of the library to a private

developer, without subjecting the sale to the public bidding law, N.J.S.A. 40A:12-13.

After considering oral argument, Judge Bridget A. Stecher issued a written decision, astutely rejecting plaintiff's arguments. In doing so, the trial judge squarely addressed the allegations asserted by plaintiff in view of the governing law.

We incorporate by reference the material facts and procedural history set forth at length in Judge Stecher's decision. We summarize only those facts and events that are relevant to our review.

In November 2018, the Council adopted separate resolutions directing the Board to investigate whether the library – originally constructed in 1959 – constituted an area in need of redevelopment, and authorizing the Township to retain HGA to conduct the investigation. HGA prepared a comprehensive redevelopment study based on its review of multiple sources, including: various Township and library documents; the Township's tax maps and geographic information systems data; aerial photographs of the property; field inspections of the property and surrounding areas; interviews of the Township's engineer and the library's director; a 2016-19 strategic plan concerning the library; a 2015 library improvement study prepared by the architectural firm, Arcari + Iovino;

A-0178-20

a 2018 asbestos sampling report of the library building prepared by Garden State Environmental; and statistical data compiled by the Institute of Museum and Library Science (IMLS) based on its nationwide survey. HGA's report spanned one hundred and forty-four pages, exclusive of one hundred pages of the documents it referenced.

The judge's factual findings detailed HGA's redevelopment study, which was replete with references to the library improvement study. In turn, the library improvement study addressed, among other things, the "obsolescence of the [library's] structures and facilities . . . , and pointedly noted that the brick façade on the entire easterly side of the [l]ibrary collapsed without notice during the winter of 2015."

According to the trial judge:

> The [library improvement] study noted that in addition to the brick façade repair/replacement, replacements or improvements were required to the roof, the seaming thereof, the chimney, the metal service doors and frames, public entrances, exterior and interior lighting, improvements, park[ing] lot paving and striping, asbestos remediation, HVAC system improvements, fire alarm/suppression systems, and replacement of ceiling tiles, carpets, book stacks, counters, refrigerators, restroom fixtures and compliance with standards under the Americans with Disabilities Act [(ADA)].

A-0178-20

Observing HGA also conducted a "functionality review of the library," the trial judge found persuasive HGA's "conclus[ion] that the [l]ibrary was no longer able to service the population of West Orange in the digital age." In that regard, HGA determined the library "was bereft of the technology needed to meet the digital electronic demands of the current population beneficiaries of library patrons." HGA reached that conclusion following its "review of data from a national survey of libraries." By comparison, "the West Orange Public Library had below the average number of public usage computers and library programs which was indicative of growing obsolescence."

Judge Stecher commenced her cogent legal analysis by reaffirming the legal principles that inform the judiciary's standard of review. Citing our Supreme Court's fifty-year-old decision in Levin v. Township Committee of Bridgewater, 57 N.J. 506, 537 (1971), the judge astutely recognized the "presumption of validity" of the Township's decision "absent a showing that such determination was arbitrary, capricious[,] or unreasonable."

Turning to criterion (d), the trial judge correctly noted: "A municipality need not show that all of the conditions listed [in the subsection] are present to satisfy the designation of redevelopment . . . ." According to the judge, in this

6

case, that evidence was based on HGA's redevelopment study, and included "a wide array of reports and recommendations." The judge elaborated:

> The . . . [l]ibrary requires significant repairs and substantial upgrades epitomized by the collapsing façade which spawned the initial study, including upgrades to the facilities to meet current ADA standards, the removal of asbestos, the installation of a fire suppression sprinkler system, needed upgrades to the HVAC system and the much[-]needed expansion of the library's information and technology. The Township presented substantial credible evidence that the obsolescence of the West Orange Public Library constituted a detriment to the public welfare in that it did not provide essential services that promote equity, education, and a sense of community.

Judge Stecher also cited the IMLS survey, examined by HGA, which demonstrated the library "has an average number of daily visitors, but falls below average as to the number of educational programs and number of computers." Those results evidenced the Township's "concerns regarding access to information and technology." Accordingly, the judge found the Township demonstrated an "actual detriment to the welfare of the public and not a hypothetical or contrived detriment."

In view of HGA's findings, the trial judge rejected plaintiff's "net opinion" challenge to the redevelopment study, satisfying the Court's holding in Townsend v. Pierre, 221 N.J. 36, 54 (2015) (reiterating that N.J.R.E. 703

7

"requires that an expert give the why and wherefore that support the opinion, rather than a mere conclusion") (internal quotation marks omitted). Nor was the judge otherwise persuaded that the Township improperly relied upon HGA's report, noting the retention of consultants is both allowable and common under the LRHL.

Judge Stecher concluded the Township's designation was not arbitrary, capricious, or unreasonable. Instead, its decision "was clearly supported by substantial credible evidence." The judge entered an order on August 4, 2020, dismissing plaintiff's complaint with prejudice. This appeal followed.

Before us, plaintiff essentially reprises the arguments raised before the trial judge.[1] He also challenges the standard of review the judge applied to the Township's decision, and her conclusions of law. Plaintiff further contends the judge failed to consider his claim that the Township's decision circumvented the public bidding law.

We are satisfied from our review of the record that these arguments do not warrant extended discussion. R. 2:11-3(e)(1). We affirm the order dismissing

---

[1] In count five of his complaint, plaintiff alleged a conflict-of-interest allegation against an alternate Board member, who did not vote at the hearing. Plaintiff does not raise that issue on appeal.

the complaint substantially for the reasons stated in Judge Stecher's thoughtful written decision.  We add the following.

In reviewing this matter, we bear in mind general principles that govern civil actions in lieu of prerogative writs brought under Rule 4:69 to contest decisions by municipal bodies.  Although the contexts vary, courts ordinarily apply a presumption of validity to administrative decisions by municipal agencies.  See e.g., 62-64 Main St., L.L.C. v. Mayor & Council of Hackensack, 221 N.J. 129, 157 (2015); Levin v. Twp. Comm. of Bridgewater, 57 N.J. 506, 537 (1971).

A municipal decision is generally sustained if it comports with the law, is supported by substantial credible evidence in the record, and is not shown to be arbitrary or capricious.  See, e.g., Cell S. of N.J. v. Zoning Bd. of Adjustment of W. Windsor Twp., 172 N.J. 75, 81-82 (2002).  The challenger of a municipal decision must therefore meet a "heavy burden" to overcome the presumption of validity.  See Vineland Constr. Co. v. Twp. of Pennsauken, 395 N.J. Super. 230, 256 (App. Div. 2007); Concerned Citizens of Princeton, Inc. v. Mayor and Council of Princeton, 370 N.J. Super. 429, 453 (App. Div. 2004).

Municipal decisions under the LRHL enjoy a similar presumption of validity.  See ERETC, L.L.C. v. City of Perth Amboy, 381 N.J. Super. 268, 277

(App. Div. 2005); see also N.J.S.A. 40A:12A-6(b)(5)(c) ("The [municipality's] determination, if supported by substantial evidence . . . shall be binding and conclusive upon all persons affected by the determination.").

"When reviewing a trial court's decision regarding the validity of a local board's determination, 'we are bound by the same standards as was the trial court.'" Jacoby v. Zoning Bd. of Adjustment of Englewood Cliffs, 442 N.J. Super. 450, 462 (App. Div. 2015) (quoting Fallone Props., L.L.C. v. Bethlehem Twp. Planning Bd., 369 N.J. Super. 552, 562 (App. Div. 2004)). "We give deference to the actions and factual findings of local boards and may not disturb such findings unless they were arbitrary, capricious or unreasonable." Ibid.

As long as the board's actions are "supported by substantial evidence in the record, a court is bound to affirm that determination." 62-64 Main St., 221 N.J. at 157. "This heightened deference standard is codified in the LRHL, which provides that an 'area in need of redevelopment' designation 'shall be binding and conclusive upon all persons affected by the determination' if it is 'supported by substantial evidence and, if required, approved by the commissioner.'" ERETC, 381 N.J. Super. at 277-78 (quoting N.J.S.A. 40A:12A-6(b)(5)(c)). Accordingly, if a municipal redevelopment action is supported by substantial credible evidence in the record, a reviewing court must not "second guess" the

municipality's decision.  See id. at 278; see also Forbes v. Bd. of Trs. of S. Orange Vill., 312 N.J. Super. 519, 532 (App. Div. 1998).

Moreover, it is presumed that redevelopment determinations are accompanied by adequate factual support.  Hutton Park Gardens v. Town Council of W. Orange, 68 N.J. 543, 564-65 (1975).  "[A]bsent a sufficient showing to the contrary, it will be assumed that [municipalities'] enactments rest upon some rational basis within their knowledge and experience."  Ibid.; see also Gallenthin Realty Dev., Inc. v. Borough of Paulsboro, 191 N.J. 344, 373 (2007).

Nonetheless, a crucial element in determining the sufficiency of the evidence is whether the court below correctly interpreted the statutory criteria. See id. at 372-373 (declining to address the sufficiency of the evidence where the redevelopment designation was based on an incorrect interpretation of the LRHL).  In the present matter, plaintiff contends the trial judge improperly deferred to the Township's interpretation of N.J.S.A. 40A:12A-5 and, as such, the municipality's decision was not entitled to deference.  We disagree.

As Judge Stecher correctly concluded, "any of the . . . conditions" set forth in criterion (d) will satisfy an area in need of development, provided the condition is "detrimental to the safety, health, morals, or welfare of the

11

community."   Indeed, by use of the disjunctive, "or," the judge correctly concluded a municipality "need not show that all of the conditions exist or that all of the detriments exist."   See N.J.S.A. 1:1-1 (requiring courts to construe statutory terms "with their context," and pursuant to their "generally accepted meaning"); see also Wilson v. Brick Twp. Zoning Bd. of Adjustment, 405 N.J. Super. 189, 202 (App. Div. 2009) (recognizing "[t]he Legislature's use of the term 'or' is significant").   To construe the meaning of the term, "or" in criterion (d) as other than disjunctive would be contrary to its plain meaning.

Relevant to this appeal, the Township adopted HGA's determination that the library satisfied the meaning of "obsolescence" and "faulty arrangement or design," which led to a finding that the library was an area in need of redevelopment.  Although "obsolescence" is not defined in the LRHL, the term is defined in the dictionary as "the process of becoming obsolete or the condition of being nearly obsolete."   Obsolescence, Merriam-Webster, https://www.merriam-webster.com/dictionary/obsolescence (last visited June ___, 2021).   In turn, "obsolete" is defined as "no longer in use or no longer useful."   Obsolete, Merriam-Webster, https://www.merriam-webster.com/dictionary/obsolete (last visited June ___, 2021).   Obsolescence does not, however, require that the library no longer be in use.

12

Contrary to plaintiff's contentions, our decision in Concerned Citizens does not compel a different outcome. There, we cited with approval a Law Division decision's interpretation of the term obsolescence under criterion (d), which found it "was not synonymous with depreciation or wear and tear. . . . Instead, obsolescence 'is the process of falling into disuse and relates to the usefulness and public acceptance of a facility.'" 370 N.J. Super. at 457 (quoting Spruce Manor Enters. v. Borough of Bellmawr, 315 N.J. Super. 286, 295 (Law Div.1998)).

However, in Concerned Citizens, we upheld the municipality's decision that a public surface parking lot satisfied the requirements of criterion (d) because the "lot lacked the efficiency necessary to satisfy the increased demands occasioned by the Borough's growth." 370 N.J. Super. at 458. In that regard, we sustained the finding of obsolescence where, as here, there existed substantial evidence in the record that the "'obsolete' land use . . . was exacerbated by a 'faulty design,' essentially proving to be 'detrimental . . . to the welfare of the community.'" Ibid. (second alteration in original).

Plaintiff's reliance on our Supreme Court's decision in Gallethin is similarly misplaced. There, the Court considered the constitutionality of criterion (e). 191 N.J. at 365-67. As the Court explained in 62-64 Main Street,

"[t]he constitutionality of subsections (a), (b), and (d) was never at issue in Gallenthin." 221 N.J. at 153.

In the present matter, the Township determined the library met the standards of the LRHL based on HGA's redevelopment plan because the library satisfied the meaning of "obsolescence" and "faulty arrangement or design" under criterion (d). The trial judge's decision amply cites the multitude of reasons for those findings. Instead of offering any proof in opposition to these findings, plaintiff on appeal erroneously claims the trial judge misapplied LRHL case law. This argument, however, lacks support in the record and falls far short of overcoming the presumption of validity.

Little need be said regarding plaintiff's contentions that the Township's designation circumvented the public bidding law. Although the trial judge recognized plaintiff's argument, she did not expressly reject it. But the judge unequivocally held the Township's decision was not arbitrary, capricious, or unreasonable, thereby implicitly rejecting plaintiff's argument. The record evidence supports that determination here, where plaintiff has failed to demonstrate the statutory criteria were not met.

Affirm.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0178-20